## ALLRED et al. v. GRIFFIN et al.

### 4 Div. 794.

Supreme Court of Alabama.

May 9, 1935.

Brassell & Rowe, of Troy, for appellants.

A. G. Seay, of Troy, for appellees.

KNIGHT, Justice.

Bill filed to cancel and annul, for misrepresentations and fraud in its procurement, an agreement under which the estate of Frank Griffin, late a citizen of Pike county, was settled and distributed among the heirs of decedent.

It appears from the bill that the said Frank Griffin died intestate; that he left surviving him no widow, or children, and no descendants of any deceased child or children; that his only heirs at law are the complainants, who are sisters of deceased, and the respondents W. L. Griffin, a brother, and C. A. Griffin, Vera Evans, and Carrie Mewell, the last three named being the children of a predeceased brother. The bill also makes the First Farmers' & Merchants' Bank of Troy a defendant thereto.

At the time of his death the decedent had on deposit in the First Farmers' & Merchants' Bank of Troy, the sum of $6,595.94, of which the sum of $3,120.69 was on checking account, and the remainder "was on savings account."

After the death of the said Frank Griffin, the complainants and the other heirs at law of the decedent met at the office of the First Farmers' & Merchants' Bank, in Troy, for the purpose of effecting a proper division of said money among the parties entitled thereto, without an administration upon the estate.

It further appears that at the meeting, the parties entered into a written agreement of settlement, and for the distribution of the moneys on deposit in said bank. By the terms of this agreement, it was stipulated in part as follows: "We hereby consent and agree that said moneys so on deposit be divided among the parties hereinabove named, as follows: To C. A. Griffin, Vera Evans and Carrie Newell, a one-half part of the total thereof; to Mary Allred, Sallie Cunningham, W. L. Griffin, Lula Inabinett and Huron McPherson, together a one-half part; that the debts and funeral expenses of said J. R. Griffin, deceased, be paid out of the part to which C. A. Griffin, Vera Evans, and Carrie Newell are entitled, and that the balance thereof be divided among them in equal parts; that out of the one-half part thereof to which the said Mary Allred, Sallie Cunningham, W. L. Griffin, Lula Inabinett and Huron McPherson are together entitled there shall first be paid the debts and funeral expenses of said J. F. Griffin, deceased, and the balance thereof to be divided among them in equal portions."

Upon the execution of the agreement of settlement, the bank paid over to W. L. Griffin, a brother of complainants, and C. A. Griffin, the moneys on deposit to the credit of the said Frank Griffin, and they, in turn, distributed the same to parties in accordance with the terms of the said agreement.

The facts relied upon in the bill to show fraud are stated in brief of appellant as follows: "That complainants are old and uneducated; that they occupied a position of personal and business relationship toward respondents such as would naturally cause them to repose great confidence in said respondents; that respondents knew, or should have known, facts which apprised them of the correct amount to which each party participating in the division of the two deposit accounts were entitled, and that they were aware of complainants' lack of knowledge of

such facts; and that, notwithstanding such relationship of trust and confidence as was thus created, respondents withheld from complainants the facts as to their rights and affirmatively misrepresented to complainants *as to them* by advising complainants that they were to receive the correct amount to which they were entitled by a division of the money in the manner in which the same was divided. Further, that in addition to complainants' other disadvantages, all of the respondents were represented by legal counsel, and they discouraged complainants in the matter of securing legal advice, and advised them that such action on their part would not be necessary."

The sufficiency of the bill in charging fraud and misrepresentation, inducing the execution of the agreement of settlement, and the settlement had thereunder, was not tested by demurrer, but its legal sufficiency seems to have been conceded by the respondents.

To the bill the respondents made answer, denying all charges of fraud and misrepresentation, and brought forward their contentions as to the true ownership of the moneys in question. The substance of their answer in this last regard may be stated: That the father of the respondents, C. A. Griffin, Vera Evans, and Carrie Newell, and the said Frank Griffin, deceased, jointly owned a farm, and were jointly and equally interested in its operation, and jointly and equally the owners of all incomes, rents, and profits derived from the farm; that they resided on the place, and that the said Frank Griffin was the managing head of the business; that the incomes from this farm were deposited by the said Frank Griffin, deceased, in the banks in his name, while in truth and fact the deposits so appearing on the books of the bank were the joint property of the two brothers, J. R. and Frank Griffin. That when they (complainants and respondents) met at the banking house of the First Farmers' & Merchants' National Bank, the complainants announced their willingness for the respondents C. A. Griffin, Vera Evans, and Carrie Newell, the heirs at law of the said J. R. Griffin, to have one-half of said funds, but were not willing for them to share therein as heirs of Frank Griffin, deceased; that when the agreement for settlement was under consideration, when it was discussed, and finally agreed upon, the complainants' respective husbands were present advising their wives; and that their husbands were men of mature minds and large business experience, competent to advise their said wives, and did ad-

vise them as to said settlement. That in order to consummate said settlement and avoid the expense of an administration, the said respondents C. A. Griffin, Vera Evans, and Carrie Newell agreed to the proposition of the complainants to divide the money, one-half to the complainants and their brother, W. L. Griffin, and one-half to said respondents as heirs of the said J. R. Griffin, and respondents released their right to one-sixth interest in said funds as heirs at law of the said Frank Griffin, deceased. That the agreement was then executed, and distribution made.

On final submission on the pleadings and proof, the court denied relief to the complainants, and dismissed their bill of complaint.

The testimony in the cause is voluminous, detailing many facts, some of which were not material to the real issue. The evidence covers some two hundred and five pages of the transcript. We do not regard a detailed discussion of the same either profitable or necessary. We have read and considered it carefully, and our conclusion is in accord with that of the judge below.

Treating the bill as fully presenting a case for equitable relief, we find its charges of misrepresentation and fraud without sufficient support in the evidence. There is no evidence justifying the conclusion that the respondents, or any one of them, occupied any relations of confidence and trust toward the complainants; or that the respondents, or any one of them, falsely represented any matters to the complainants, or to either of them; or that the complainants in making the settlement, and in executing the agreement therefor, were induced to act by reason of any false or fraudulent statement of any one of the respondents; or that the respondents, or either of them, either purposely, or fraudulently, withheld from the complainants, or from either of them, any fact with reference to the true ownership of said money. The evidence shows that the parties dealt with each other at arm's length.

We are further convinced by the evidence that the complainants were as fully informed as to the ownership of said money as were the respondents. And we may add that a fair inference may be drawn from the competent and legal evidence in the case, after discarding all that is illegal or incompetent, that the money in the First Farmers' & Merchants' National Bank was in reality the joint property of the two brothers, J. R. and Frank Griffin, and that the complainants were in no

wise injured by the settlement. So far as the acts of J. L. Copeland, vice president of said bank, are concerned, the evidence fails to show the slightest trace of improper conduct on his part.

It only remains to be said that we are in accord here with the decree of the court below, and the decree appealed from will be accordingly affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.